UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL SEIBERT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE RITZ CARLTON HOTEL COMPANY, LLC, et al.,<br><br>　　　　Defendants. | Case No. 5:17-cv-03650-EJD<br><br>**ORDER TO SHOW CAUSE** |

The instant action was removed to this court by Defendant The Ritz Carlton Hotel Company, LLC. As it must, the court has reviewed the Notice of Removal and other relevant pleadings to determine whether Defendant has adequately established a basis for subject matter jurisdiction. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."). It has not.

To begin, the court is mindful that, in contrast to state courts, "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 377 (1994). "[S]ubject-matter jurisdiction refers to the court's statutory or constitutional power to adjudicate the case." Pistor v. Garcia, 791 F.3d 1104, 1110-11 (9th Cir. 2015) (internal quotations omitted). The court looks to the jurisdictional allegations in a Notice of Removal because "[a] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject

Case No.: 5:17-cv-03650-EJD
ORDER TO SHOW CAUSE

1

matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996); 28 U.S.C. § 1446(a) (requiring a notice of removal contain a "short and plain statement of the grounds for removal").

Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. 28 U.S.C. §§ 1331, 1332. For subject matter jurisdiction to arise on the basis of diversity under § 1332, "there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004). The amount in controversy must also exceed $75,000. Naffe v. Frey, 789 F.3d 1030, 1039 (9th Cir. 2015). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are diverse. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); accord DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006) (Because "federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it.").

Here, Defendant alleges in the Notice of Removal that Plaintiff is a California citizen. Defendant also represents that it is "incorporated under the laws of the State of Delaware with its principal place of business in Bethesda, Maryland." But Defendant is a limited liability company, and this statement is not enough. Rather than merely alleging its state of incorporation and principal place of business, Defendant must establish these facts for each of Defendant's members because "an LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). The court cannot confirm that diversity jurisdiction exists without this additional information.

Because the Notice of Removal does not satisfy Defendant's obligation to affirmatively demonstrate federal subject matter jurisdiction, the court issues an order to show cause why this action should not be remanded. If Defendant does not, by **July 13, 2018**, file a written response which establishes this court's jurisdiction in a manner consistent with the preceding discussion, the court will remand this action to San Mateo County Superior Court. No hearing will be held on

Case No.: 5:17-cv-03650-EJD
ORDER TO SHOW CAUSE

2

the order to show cause unless otherwise ordered by the court.

The Trial Setting Conference scheduled for July 12, 2018, is CONTINUED to **11:00 a.m. on July 19, 2018**, in order to allow for the resolution of the jurisdictional question.

**IT IS SO ORDERED.**

Dated: July 10, 2018

												_____
												EDWARD J. DAVILA
												United States District Judge

Case No.: 5:17-cv-03650-EJD
ORDER TO SHOW CAUSE

3